IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

AUREA VAZQUEZ, et al.,

    Plaintiffs,

    v.

PUERTO RICO POLICE DEPARTMENT, et al.,

    Defendants.

CIVIL NO. 01-2465 (RLA)

**<u>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS</u>**

The Court has before it defendants' motions to dismiss (docket Nos. 46 and 49); plaintiffs' oppositions thereto (docket Nos. 47 and 50) and defendants' reply (docket No. 51). After careful consideration of the arguments set forth by the parties, the Court GRANTS defendants' motions to dismiss for the reasons discussed below.

<u>BACKGROUND</u>

Plaintiffs filed this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983; Title I and V of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12111 <u>et seq.</u>; Title VII based on sex discrimination; and the Age Discrimination in Employment Act (ADEA). Supplemental claims pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31 §§ 5141-42; and other state labor protection laws were also filed. Plaintiffs assert that defendants discriminated and retaliated against VAZQUEZ by reason of

**CIVIL NO. 01-2465 (RLA)**                                            **Page 2**

her medical condition and sex, and that they terminated her employment illegally, based on insufficient evidence and without safeguarding her rights to due process. Plaintiffs also aver that defendants failed to accommodate or relocate VAZQUEZ as requested and pursuant to the procedures of the Puerto Rico Police Department.

FACTUAL ALLEGATIONS

According to the complaint, plaintiff AUREA VAZQUEZ (VAZQUEZ) began working for the Puerto Police Department in or about September of 1988, in a regular career position as police agent. She was assigned to the Municipality of Morovis Police Department (Comandancia del Distrito de Morovis), where amongst others, her duties included patrolling, following up on criminal complaints, performing investigations and acting as intake officer (reten) at the police station. In June of 1997, while working as intake officer, she fainted and lost consciousness. After her evaluation at a nearby hospital, she began treatment at the State Insurance Fund (SIF), where she received treatment from June of 1997 through October 27, 1997. On that date, October 27, 1997, she resumed duties as police agent and reported to the department's Centro de Reemplazo (Centro) for further evaluation, pursuant to departmental rules and regulations. As a result of the Centro's evaluation, VAZQUEZ was asked to surrender her regulation firearm and directed to visit a neurologist at the SIF for further evaluations. The SIF doctors diagnosed VAZQUEZ' fainting episode as a "pre-epileptic convulsion"

**CIVIL NO. 01-2465 (RLA)**                                              **Page 3**

and her condition as a general seizure disorder. The medical staff of the PR Police Department subsequently concluded that plaintiff was suffering from epilepsy, a determination that resulted in plaintiff's termination from employment on May 26, 1999 via notice to plaintiff issued by the Superintendent, PEDRO TOLEDO.

Pursuant to VAZQUEZ' request, a hearing was held on November 23, 1999, at which plaintiff appealed the Department's determination as insufficient to terminate her employment and further claimed her right to a reasonable accommodation and/or relocation to a civil position in public service. The Department denied her request for accommodation or relocation and directed VAZQUEZ instead to apply for a civil position through the normal procedures. Subsequently, on February 14, 2000, the Department issued a resolution confirming that VAZQUEZ would be terminated due to her condition of epilepsy. The termination became effective on March 29, 2000.

VAZQUEZ filed a charge with the U.S. Equal Employment Opportunity Commission (EEOC) on July 25, 2001.[1]

DISCUSSION

**Standard of Review**

Fed. R. Civ. P. 12(b)(1)

A motion to dismiss under Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction over an action. A

---

[1] According to plaintiffs, the charge was "issued" on July 25, 2001, deposited in the mail on July 27, 2001, and received by the EEOC on August 1, 2001.

**CIVIL NO. 01-2465 (RLA)**                                              **Page 4**

claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks statutory or constitutional power to adjudicate on the merits of the claim. See Roman v. Townsend, 48 F. Supp.2d 100, 101 (D.P.R. 1999). The plaintiff has the burden of establishing the existence of the court's subject matter jurisdiction over a claim. Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996). Rule 12(b)(1) motions may be considered as a "facial attack" or a "factual attack" on the allegations in the complaint. See Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884 (3rd Cir. 1977). When considering a factual attack motion to dismiss, the court may consider evidence outside of the allegations in the complaint and should apply a summary judgment standard. See Miccosukee Tribe of Indians of Florida v. United States, 105 F.3d 599 (11th Cir. 1997). With facial attack motions, on the other hand, the court can make a jurisdictional determination based solely on the allegations of the complaint. The standard for a Rule 12(b)(1) facial attack motion is identical to the Rule 12(b)(6) motion standard discussed below. See United States v. Ritchie, 15 F.3d 592 (6th Cir. 1994).

### Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) allows a defendant to file a motion to dismiss where the allegations in the complaint fail to state a claim upon which relief can be granted. In its determination, the court accepts plaintiff's factual allegations as true, drawing all reasonable

**CIVIL NO. 01-2465 (RLA)**                                                        **Page 5**

inferences in favor of the plaintiff. <u>Doyle v. Hasbro, Inc.</u>, 103 F.3d 186, 190 (1st Cir. 1996). If the plaintiff fails to make sufficient allegations supporting a claim, the court should dismiss the action. <u>Rullán v. Council of Co-Owners of McKinley Ct. Condominium</u>, 899 F. Supp. 857, 859 (D.C. P.R. 1995). Furthermore, a court has no obligation to take matters on blind faith, and should not consider as true mere assertions, conclusions or denunciations unsupported by references of fact. <u>Miranda v. Ponce Federal Bank</u>, 948 F.2d 41, 44 (1st Cir. 1991); <u>Correa-Martínez v. Arrillaga-Beléndez</u>, 903 F.2d 49, 51 (1st Cir. 1990). The plaintiff has an affirmative responsibility to put his best foot forward in an effort to present a legal theory that will support his claim. <u>Guzmán v. College of Optometrists</u>,, 106 F. Supp.2d 212, 213 (D.P.R. 2000). Thus, the plaintiff must present in his complaint factual allegations regarding each material element necessary to state a claim under some actionable theory. <u>Id.</u> at 214; <u>Romero-Barceló v. Hernández-Agosto</u>, 75 F.3d 23, 28 n.8 (1st Cir. 1996). However, even though all inferences must be made in favor of the plaintiff, the court must not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." <u>Doyle</u>, 130 F.3d at 190 (quoting <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996)).

<u>Plaintiff's Title VII, ADA, and ADEA Claims</u>
<u>Are Time-barred</u>

Under Title VII, ADEA, and ADA, a plaintiff must file his employment discrimination claim with the EEOC within 300 days of the

**CIVIL NO. 01-2465 (RLA)**                                                             **Page 6**

alleged discrimination or lose the ability to recover for them. See 42 U.S.C. § 2000e-5(e)(1) (Title VII' filing requirement); 29 U.S.C. § 626(d)(2) (ADEA filing requirement); and Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277-278 (1st Cir. 1999) (stating that Title VII's charge-filing requirement applied to ADA claims); see also, National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002); Rivera-Rodríguez v. Frito Lay Snacks Caribbean, 265 F.3d 15, 21 (1st Cir. 2001).

"Th[e] 300-day period begins to run on the date in which the challenged employment practice is made and communicated to the employee." Astacio-Sánchez v. Fundación Educativa Ana G. Méndez, 724 F. Supp. 11, 15 (D.P.R. 1989) (quoting Chardón v. Fernández, 454 U.S. 6 (1981); Morgan at 111.

Although plaintiffs allege that they filed a charge with the EEOC within the time prescribed by law, their own factual allegations reveal that they filed outside of the 300 day period. From the list of actions that are considered unlawful employment practices pursuant to ADA, ADEA and Title VII, VAZQUEZ questions only her discharge. According to plaintiff's factual allegations, her termination was notified to her sometime before November 23, 1999, inasmuch as she requested a hearing upon notification of her termination, which hearing was held on November 23, 1999. Nonetheless, VAZQUEZ filed the charge with the EEOC on July 25, 2001, well beyond the 300 day period prescribed by law. Even considering March 29, 2000 as the

**CIVIL NO. 01-2465 (RLA)**                                                    **Page 7**

date on which VAZQUEZ' termination became effective, for purposes of beginning to count the 300-day period, plaintiff's EEOC filing still falls outside of the time prescribed by law. Therefore, plaintiffs' ADA, ADEA and Title VII claims are time-barred and are hereby DISMISSED under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

### Plaintiffs' § 1983 Claim

As in the case of plaintiffs' ADA, ADEA and Title VII claims, their § 1983 claim must also be dismissed as time-barred.

Federal civil rights statutes such as § 1983 do not provide a statute of limitations. Therefore, the courts must borrow the State's limitation period governing personal injury actions. Wilson v. García, 471 U.S. 261, 266-67 (1985); Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987); Owens v. Okure, 488 U.S. 235 (1988); Felder v. Casey, 487 U.S. 131 (1988); Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001).

The First Circuit Court of Appeals has consistently held that the time limitation period of one year provided in Article 1868(2) of the Puerto Rico Civil Code will apply to § 1983 actions. Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997); see also Muñiz-Cabrero v. Ruiz, 23 F.3d 607, 610 (1st Cir. 1994); Torres v. Superintendent of Police, 893 F.2d 404, 406 (1st Cir. 1990); De León Otero v. Rubero, 820 F.2d 18, 19 (1st Cir. 1987). This period of one year governs all actions brought pursuant to Articles 1802 and 1803

**CIVIL NO. 01-2465 (RLA)** **Page 8**

of the Puerto Rico Civil Code. <u>Matos Ortiz v. Commonwealth of Puerto Rico</u>, 103 F. Supp.2d 59, 63 (D.P.R. 2000).

Although federal courts borrow the state statutes of limitations in § 1983 cases, the federal law will determine the date of accrual. <u>Rivera-Muriente v. Agosto-Alicea</u>, 959 F.2d 349, 353 (1st Cir. 1992); <u>Muñiz-Cabrero</u>, 23 F.3d at 610; <u>see also</u>, <u>Johnson v. Rodríguez</u>, 943 F.2d 104, 107-108 (1st Cir. 1991). The accrual period begins to run when the aggrieved person "knows, or has reason to know, of the injury on which the action is based." <u>Rivera-Muriente</u>, 959 F.2d at 353; <u>Muñiz-Cabrero</u>, 23 F.3d at 610. According to this standard, "[t]he one year period begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury." <u>Benítez-Pons v. Commonwealth of Puerto Rico</u>, 136 F.3d 54, 59 (1st Cir. 1998) (<u>citing</u> <u>Carreras-Rosa</u>, 127 F.3d at 172).

Plaintiff's accrual period began to run on or before November 23, 1999, which is the date on which VAZQUEZ was notified of the decision to terminate her employment, as discussed above. To file a timely § 1983 claim, VAZQUEZ should have filed her claim no later than November 23, 2000. Yet, she filed her complaint in this Court on October 25, 2001, almost a year after the one-year statute of limitations had expired. Similarly, as with the ADA, ADEA, and Title VII claims, even if this Court were to consider March 29, 2000 as the relevant date, plaintiff would have still filed her § 1983 claim outside of the one-year statute of limitations. Therefore,

**CIVIL NO. 01-2465 (RLA)**                                                    **Page 9**

plaintiffs' § 1983 claim must also be dismissed under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

### **Supplemental Jurisdiction**

The Court having dismissed plaintiffs' federal claims may, in its discretion, decline to entertain the state-based actions under its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). González-De-Blasini v. Family Dept., 377 F.3d 81, 89 (1st Cir. 2004).

Accordingly, the supplemental claims asserted by plaintiffs are hereby DISMISSED WITHOUT PREJUDICE.

### CONCLUSION

Given the above discussion, plaintiffs' Second Amended Complaint is hereby **DISMISSED** in its entirety.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 28th day of September, 2005.

                                             S/Raymond L. Acosta
                                             RAYMOND L. ACOSTA
                                      United States District Judge